# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CMRK, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAMPICO TRADING GROUP, LLC, <br><br> Defendant. | CIVIL ACTION <br> NO. 4:17-cv-40023-TSH |

## ORDER

October 24, 2017

Hennessy, M.J.

This action arises from a commercial dispute between Plaintiff CMRK, Inc. ("CMRK"), which collects and distributes used clothing, and Defendant Tampico Trading Group, LLC ("Tampico"), CMRK's customer. In short, CMRK claims Tampico owes it money for clothing that CMRK delivered to Tampico pursuant to an agreement between the parties. See generally Docket #1. Tampico claims the clothing it received was not the clothing it agreed to buy; it has refused to pay. See, e.g., Docket #22.

Now before me by way of referral, see Docket #34, is Defendant's motion to amend its answer to add counterclaims against CMRK, Docket #21. Tampico seeks to add to its answer counterclaims against CMRK for breach of express warranty, fraudulent inducement, and negligent misrepresentation. See Docket #22-1 at 4-5. For the reasons that follow, Tampico's motion to amend is GRANTED.

1

I. BACKGROUND

CMRK began this action by filing a complaint in Worcester Superior Court in February 2017. See Docket #1. Tampico removed the case to federal court, Docket #1, and then answered CMRK's complaint on March 14, 2017, Docket #4. On June 6, 2017, District Judge Hillman entered a scheduling order in this matter. Docket #15. In it, Judge Hillman adopted the proposed scheduling order jointly submitted to the court by both parties on June 5, 2017. Id.; see Docket #9 ¶ 2. The parties' joint proposal called for all "motions seeking leave to . . . amend the pleadings to assert new claims or defenses" to be filed by September 6, 2017. Id.; accord Docket #15.

Tampico filed the instant motion on September 6, 2017, the last day permitted by the scheduling order. Docket #21; see also Docket #22. CMRK opposed the motion in a memorandum of law filed shortly thereafter. Docket #24.

II. STANDARD

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 15(a)(2), which governs this motion, instructs that a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). That said, a motion to amend may be denied when the movant has exhibited "bad faith or dilatory motive," or when the proposed amendment would be futile or cause undue delay. Foman, 371 U.S. at 182. These restrictions prevent litigants from reducing Rule 15 to a mere vehicle for "'the old sporting theory of justice' or the use of the federal courts as a forum for testing alternative legal theories seriatim." Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1042 (11th Cir. 2006) (quoting Freeman v. Cont'l Gin Co., 381 F.2d 459, 469-70 (5th Cir. 1967); 6 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1489 (2d ed. 1987)).

III. ANALYSIS

CMRK makes three arguments against allowing this motion, none of which persuades. First, it contends that Tampico wants to amend its answer in order to unduly delay this litigation. Docket #24 at 1-3. CMRK claims that Tampico triggered a proverbial "race to the courthouse" by pleading its claims against CMRK in a Texas state-court lawsuit shortly after receiving CMRK's complaint in the instant case.[1] CMRK emphasizes that Tampico already has advanced in the Texas action every claim it now seeks to add to its answer (and three more claims besides) and notes that Tampico did so more than six months ago. Id. at 2; see Docket #24-1 ¶¶ 14-19. It appears true that Tampico advanced identical claims against CMRK several months ago in the Texas case. However, the instant motion abides by a filing deadline that CMRK itself jointly proposed. See Docket #9 ¶ 2. While the scheduling order certainly does not require that the Court grant every timely motion to amend, the fact that CMRK agreed to this deadline undercuts its argument that Tampico abused Rule 15 by filing its motion as the deadline expired. Cf. Euro-Pro Operating LLC v. Dyson Inc., 164 F. Supp. 3d 235, 240 (D. Mass. 2016) (quoting Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004)) (explaining that Rule 15(a)'s "liberal standard is replaced by a 'more demanding "good cause" standard' after a party misses the deadline to amend set forth in the Court's scheduling order"). I also find unconvincing CMRK's general assertion that "[t]here is absolutely no reason or excuse for [Tampico's] delay in asserting its counterclaim[s]" other than to delay this case. Tampico may, for example, simply have wished to conduct discovery before adding its counterclaims. The motion is timely; on this

---

[1] CMRK alleges in an unrelated filing that Tampico intervened in the Texas action, initiated by a customer of Tampico against one of the customer's competitors, "solely for the purpose of bringing claims against CMRK in Texas for alleged defects in the merchandise" at issue in the instant case. Docket #33 at 3.

record, I do not find that its timing evidences bad faith, dilatory motive, or another unseemly motivation justifying denial.

CMRK next argues that Tampico's purported counterclaims are actually just defenses to CMRK's complaint, asserting that "nothing in these counterclaims . . . suggests that the defendant has any damages, other than that the merchandise sold is of less value than defendant anticipated." Docket #24 at 3. Tampico's proposed amended answer, Docket #22-1, plainly dispenses with this argument: It states that "Tampico incurred costs to transport the 32 shipments [of allegedly defective clothing] from Massachusetts to Texas," id. ¶ 7, and that "Tampico[']s customers refused to pay Tampico for the 32 shipments from CMRK," id. ¶ 8. The proposed counterclaims thus plead damages.

Lastly, CMRK argues that Tampico's proposed counterclaim for fraudulent inducement is futile because it fails the heightened pleading requirement imposed by Federal Rule of Civil Procedure 9(b). Docket #24 at 3-4. Rule 9(b) requires a party pleading a fraud claim to state the circumstances of the fraud "with particularity." Fed. R. Civ. P. Rule 9(b). In other words, the pleading must set forth "the who, what, when, where, and how of the alleged fraud." E.g., Lawton ex rel. U.S. v. Takeda Pharm. Co., 842 F.3d 125, 130 (1st Cir. 2016) (collecting cases). Here, Tampico's proposed amended answer identifies the specific transactions in which the fraud allegedly occurred, Docket #22-1 ¶¶ 3, 6; accuses CMRK of misrepresenting to Tampico the nature of the clothing it delivered, id. ¶¶ 9, 18; and states that CMRK's misrepresentation was knowing or reckless, id. ¶ 21. Tampico's filing also includes screenshots of text message conversations between the parties that identify the individuals involved in the alleged fraud. See Docket ##22-2 through 22-4. Further, I note that the parties are small entities whose principals directly communicated about the contested transactions by phone and text and are therefore

4

known to each other. On these facts and at this procedural stage, I find that Tampico's proposed fraudulent inducement counterclaim is not so clearly futile that Tampico should be forbidden from asserting it.[2]

**Conclusion**

Defendant's Motion to Amend its Answer to Add Counterclaims, Docket #21, is GRANTED.

/s/ David H. Hennessy
Hon. David H. Hennessy
U.S. Magistrate Judge

---

[2] Of course, if CMRK wishes, it may challenge Tampico's counterclaims in a motion to dismiss.