UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CMRK, INC.,

    Plaintiff,

v.

TAMPICO TRADING GROUP, LLC,

    Defendant.

CIVIL ACTION
NO. 4:17-cv-40023-TSH

### ORDER

**November 6, 2017**

Hennessy, M.J.

    This action arises from a commercial dispute between Plaintiff CMRK, Inc. ("CMRK"), which collects and distributes used clothing, and Defendant Tampico Trading Group, LLC ("Tampico"), CMRK's customer. I presume the parties' familiarity with the underlying facts. District Judge Hillman has referred to me Plaintiff's First Motion for Contempt, Docket # 32, together with Plaintiff's motion to expedite a hearing on that motion, Docket #35. See Docket #38 (Order of Referral). Defendant filed an opposition to the motion for contempt, see Docket #46, and Plaintiff then submitted a reply, Docket #47. Defendant has not opposed the motion to expedite a hearing.

    Plaintiff's motions are DENIED WITHOUT PREJUDICE for failure to comply with Local Rule 7.1. Local Rule 7.1(a)(2) instructs that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

As recently explained by another judge of this Court in Martinez v. Hubbard, 172 F. Supp. 3d 378 (D. Mass. 2016),

> Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well.

Id. at 385 (footnote omitted).

The parties' submissions here illustrate the necessity for and importance of Rule 7.1 certifications. CMRK's motion for contempt alleges that Tampico has failed to comply with this Court's order directing Tampico to supplement certain interrogatory answers. See Docket #32 at 2. In opposition, Tampico writes that it has fully complied with the Court's order and describes CMRK's claim as "simply false." Docket #46 at 8. Tampico goes on to describe information it says it has provided CMRK in response to each interrogatory presently in dispute. See id. at 6-8. While CMRK alleges that Tampico "failed to supplement its interrogatory answers at all," Docket #32 at 2 (emphasis removed), Tampico states that it produced unredacted records to CMRK by the applicable discovery deadline, Docket #46 at 8.

A Rule 7.1 conference would have proven particularly useful here. There appears to lie between the parties a central misunderstanding as to what CMRK seeks and what Tampico has already produced. A motion arising from such confusion—at least in part—"impedes the court's process," Martinez, 172 F. Supp. 3d at 385, and the confusion here presumably could have been limited or overcome altogether by a good-faith effort to resolve or narrow the issues. Accordingly, I deny CMRK's motions without prejudice and direct the parties to confer in a sincere effort to resolve their discovery dispute. If still necessary after those efforts, the motions may be refiled.

## **Conclusion**

Plaintiff's First Motion for Contempt, Docket #32, and Plaintiff's Motion to Expedite Hearing on Motion for Entry of Order of Contempt, Sanctions and Costs, Docket #35, are DENIED WITHOUT PREJUDICE.

/s/ David H. Hennessy
Hon. David H. Hennessy
U.S. Magistrate Judge